UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 19-40033-KES |
| Plaintiff, | |
| | PLEA AGREEMENT |
| vs. | |
| CALVIN W. PELICHET,<br>a/k/a CALVIN W. PELLICHET, | |
| Defendant. | |

Defendant Calvin W. Pelichet, a/k/a Calvin W. Pellichet, the Defendants' attorney, and the United States Attorney for the District of South Dakota hereby submit the following Plea Agreement to the United States District Court, which Agreement was reached pursuant to discussions between the United States Attorney and the Defendant's attorney. The Agreement is as follows:

**A. ACKNOWLEDGMENT AND WAIVER OF RIGHTS AND UNDERSTANDING OF MAXIMUM PENALTIES:** The Defendant agrees that he has been fully advised of the statutory and constitutional rights herein, and that he has been informed of the charges and allegations against him and the penalties therefor, and that he understands the same. The Defendant further agrees that he understands that by entering a plea of guilty as set forth hereafter, he will be waiving certain statutory and constitutional rights to which he is otherwise entitled.

**B. PLEA AGREEMENT PROCEDURE – NO RIGHT TO WITHDRAW PLEA IF COURT REJECTS RECOMMENDATION:** The United States and the Defendant agree that this Plea Agreement is presented to the Court pursuant to Rules 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, which, among other things, authorize the United States to move for dismissal of other charges and to make recommendations or agree not to oppose the Defendant's request for a particular sentence. Such agreements and recommendations are not binding on the Court, and the Defendant may not withdraw his plea of guilty if the Court rejects them.

**C. PLEA OF GUILTY TO CHARGES & DISMISSAL OF OTHER CHARGES:** Defendant will plead guilty to Count 2 of the Indictment in this case, charging him with Wire Fraud, in violation of 18 U.S.C. § 1343. Wire Fraud carries the maximum penalties of 20 years in prison, a $250,000 fine, or both, and a period of supervised release of 3 years. If Defendant is found to have violated a condition of supervised release, he may be incarcerated for an additional term of up to 2 years on any such revocation. Defendant will be ordered to pay restitution and a $100.00 special assessment to the victims' assistance fund, and forfeiture may also be ordered.

Upon acceptance of the plea by the Court and the imposition of sentence, this section shall be treated as a motion to dismiss the remaining counts in the Indictment as they pertain to the Defendant pursuant to the terms of this Plea Agreement.

**D.    VIOLATION OF TERMS AND CONDITIONS:**  The Defendant acknowledges and understands that if he violates the terms of this Plea Agreement, engages in any further criminal activity, or fails to appear for sentencing, this Plea Agreement shall become voidable at the discretion of the United States and the Defendant will face the following consequences:

(1)    All testimony and other information the Defendant has provided at any time to attorneys, employees, or law enforcement officers of the United States, to the Court, or to the federal grand jury may and will be used against him in any prosecution or proceeding.

(2)    The United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against the Defendant, and to use any information obtained directly or indirectly from him in those additional prosecutions.

(3)    The United States will be released from any obligations, agreements, or restrictions imposed upon it under this Plea Agreement.

**E.    ACCEPTANCE OF RESPONSIBILITY:**  The United States agrees that based upon the information known to it at this time, Defendant is entitled to a two-level decrease in his offense level pursuant to U.S.S.G. § 3E1.1(a), provided no evidence is disclosed in the presentence report which indicates he has not demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct, and further provided he:  (1) complies with the terms of this Plea Agreement; (2) testifies truthfully during the change of plea hearing; (3) participates truthfully with the Probation Office in the

presentence investigation; (4) does not violate any conditions of pretrial detention or release after he signs this agreement; and (5) continues to exhibit conduct consistent with acceptance of responsibility. Both the United States and the Defendant otherwise reserve the right to present evidence and make argument regarding sentencing.

      **F.**     **TIMELY ACCEPTANCE OF RESPONSIBILITY:** The United States agrees that Defendant has timely notified authorities of his intention to enter a plea of guilty thereby permitting the United States and the Court to allocate their resources efficiently. Therefore, if the offense level determined prior to the operation of U.S.S.G. § 3E1.1(a) is level 16 or greater and Defendant qualifies for a two-level decrease under U.S.S.G. § 3E1.1(a), this provision shall be treated at the sentencing hearing as a motion pursuant to U.S.S.G. § 3E1.1(b) to decrease the offense level by one additional level.

      **G.**     **RECOMMENDATION REGARDING SENTENCE – WITHIN THE GUIDELINE RANGE:** The Defendant and the United States understand and agree that the Court will determine the applicable Guideline range after reviewing the presentence report and considering any evidence or arguments submitted at the sentencing hearing. The United States agrees that it will recommend that the Court impose a sentence of imprisonment within the applicable Guideline range. The Defendant understands that any recommendation made by him or the United States is not binding on the Court. The Defendant further understands that he may not withdraw his plea of guilty if the Court rejects any recommendation.

The United States reserves the right to present evidence and argument as to what it believes the applicable Guideline range should be and to respond to any request for a sentence below the applicable Guideline range. For the purposes of this agreement, the "applicable Guideline range" is the range found by the Court by reference to the Sentencing Table at U.S.S.G. § 5A based on the Defendant's total offense level and criminal history before adjustments, if any, are made based on a downward departure, an 18 U.S.C. § 3553(e) sentencing factor, or other variance.

The United States agrees to recommend to the State of Idaho that any sentence imposed against Defendant as a result of a parole revocation should run concurrent to any federal sentence received in this case.

**H.    STIPULATED OFFENSE LEVEL:** It is further understood that in connection with the Defendant's plea and sentencing, the United States and the Defendant stipulate that the base offense level upon which the Defendant's sentence is to be initially calculated, pursuant to U.S.S.G. § 2B1.1(a)(1) is 7; it is further stipulated that pursuant to U.S.S.G. § 2B1.1(b)(1)(F), the offense level should be increased by 10, in that the loss associated with Defendant's count of conviction and relevant conduct was more than $150,000.00; it is further stipulated that the adjusted offense level is 17 and that the total offense level is 14, provided Defendant complies with Paragraph E, above, of this Plea Agreement. The Defendant understands that this stipulation is not binding upon the Court. The Defendant further understands that should the Court not follow

the terms of this stipulation and agreement, he will not be allowed to withdraw his plea.

**I.** **SPECIAL ASSESSMENT:** The Defendants agree to remit to the U.S. Clerk of Court, 400 South Phillips Avenue, Sioux Falls, South Dakota 57104, no later than two weeks prior to sentencing, a certified or cashier's check payable to the "U.S. Clerk of Court" in the amount of $100.00, in full satisfaction of the statutory costs pursuant to 18 U.S.C. § 3013.

**J.** **RESTITUTION – AGREEMENT TO PAY:** The Defendant hereby agrees to use his best efforts to make restitution to identified victims at or before the sentencing hearing as it relates to the conduct set forth in the Indictment and this Plea Agreement, pursuant to 18 U.S.C. §§ 3663 and 3663A. Specifically, as it relates to Defendant, restitution in the amount of $109,450.00 shall be made payable to Kokarmuit Corporation, a company located in Akiak, Alaska; restitution in the amount of $90,000.00 shall be made payable to the City of Ambler, a municipality located in the State of Alaska. The order of restitution shall be joint and several with the other individuals and company related to Defendant's case, all being identified in this Plea Agreement's Factual Basis Statement.

**K.** **MONETARY OBLIGATIONS – DEFENDANT'S ONGOING DUTY:** If the Defendant does not have sufficient financial resources to immediately satisfy the financial obligations imposed upon them at sentencing, the Defendant agrees, if requested by the United States, to promptly execute and return an executed Authorization to Release Financial Records and Documents, an

executed Authorization to Release Tax Returns and Attachments, and an executed Financial Statement. The Defendant understands that this is an ongoing duty which continues until such time as payment is remitted in full. The Defendant also may be required to furnish the requested information, as well as current earnings statements and copies of W-2s, even if the request is made after the sentencing proceedings.

The Defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of any financial obligations imposed as part of the sentence in this case. Defendant also agrees that if he is incarcerated, he will participate in the Bureau of Prisons' Inmate Financial Responsibility Program during any period of incarceration in order to pay any financial obligations ordered by the Court. Defendant agreement to participate in the Inmate Financial Responsibility Program does not limit the United States' right to pursue collection from other available sources. If there is no period of incarceration ordered, the Defendant agrees that payment of any financial obligations ordered by the Court shall be a condition of probation.

**L. RESERVING THE RIGHT TO REBUT OR CLARIFY MITIGATION INFORMATION:** The United States reserves the right to rebut or clarify matters set forth in the presentence investigation report, or raised by the Defendant in mitigation of any recommended sentence, with evidence and argument, except as otherwise set forth in Paragraph B above.

**M.     BASIS FOR PLEA OF GUILTY:** The Defendant agrees that the statement of facts, signed by the parties and incorporated herein by this reference, provides the basis for Defendant's guilty plea in this case, and is a true and accurate statement of his actions or omissions with regard to the charges to which Defendant is entering a plea, and that the Court may rely thereon in determining the basis for each plea of guilty as provided for in this Plea Agreement.

**N.     NO FURTHER PROSECUTION:** The United States agrees that there will be no further federal criminal prosecution of Defendant in the District of South Dakota based on the information and evidence now available to the United States regarding the Defendant's involvement with the offenses charged in the Indictment.

**O.     WAIVER OF SPEEDY TRIAL:** The Defendant agrees to waive any rights to a speedy trial under either the United States constitution or the Speedy Trial Act. This waiver is necessary so that the Court will have the benefit of all relevant information at sentencing.

**P.     PARTIES BOUND:** It is further understood and agreed that this agreement is limited to the United States Attorney's Office for the District of South Dakota, and that this agreement cannot and does not bind other federal, state, or local prosecuting authorities.

**Q.     SCOPE OF AGREEMENT:** This agreement shall include any attachments, exhibits, or supplements designated by the parties. It is further understood and agreed that no additional promises, agreements, or conditions

have been entered into other than those set forth in this agreement, and this agreement supersedes any earlier or other understanding or agreement.

      **R.**     **WAIVER OF DEFENSES AND APPEAL RIGHTS:** Defendant hereby waives all defenses and rights to appeal any non-jurisdictional issues. The parties agree that excluded from this waiver is Defendant's right to appeal any decision by the Court to depart upward pursuant to the sentencing guidelines as well as the length of his sentence for a determination of its substantive reasonableness should the Court impose an upward departure or an upward variance pursuant to 18 U.S.C. § 3553(a).

### SUPPLEMENT TO PLEA AGREEMENT

The United States will file a Supplement to Plea Agreement, which is required to be filed in every case in compliance with the Court's Standing Order.

_8/28/19_
Date

RONALD A. PARSONS, JR.
United States Attorney

JEREMY R. JEHANGIRI
Assistant United States Attorney
P.O. Box 2638
Sioux Falls, SD 57101-2638
Telephone: (605)357-2353
Facsimile: (605)330-4410
E-Mail: jeremy.jehangiri@usdoj.gov

APPROVED:
RONALD A. PARSONS, JR.
United States Attorney
By:

DENNIS R. HOLMES
Chief, Criminal Division

8/28/19
Date

_Calvin W. Pellichet_
Calvin W. Pelichet, a/k/a Calvin W. Pellichet
Defendant

8-28-19
Date

_Clint Sargent_
Clint Sargent
Attorney for Defendant

[10]